UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DOUGLAS PAUL KENEFICK,<br><br>　　　　　　Defendant. | CR. 19-50058-01-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Douglas Kenefick filed an appeal from a denial of a motion for pretrial release entered by Magistrate Judge Daneta Wollmann.  (Docket 126). For the reasons stated below, defendant's appeal is denied.

**DISCUSSION**

Mr. Kenefick seeks review of the magistrate judge's detention order of July 28, 2020.  Id. at p. 1.  He argues "[n]o specific showing of a danger to the community by Mr. Kenefick has been made by the government."[1]  Id. at p. 3.

The district court must conduct a *de novo* review in determining whether to allow pretrial release pursuant to 18 U.S.C. § 3142.  United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985).  "To engage in a meaningful de novo review, the district court must have available the options open to the magistrate. The act requires a progression from one choice to the next in a judicial officer's

---

[1] The magistrate judge found defendant was not a flight risk.  (Docket 130 at p. 8:5-9).  The parties do not contest that finding.  (Dockets 126 at p. 1 n.1 & 131 at p. 3).

determination of whether pretrial detention is called for." Id. at p. 1482 (referencing United States v. Orta, 760 F.2d 887, 890 (8th Cir. 1985) (*en banc*)).

On May 8, 2019, a grand jury indicted Mr. Kenefick and a co-defendant for conspiracy to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Docket 29 at p. 1). The charge carries a ten-year mandatory minimum of incarceration up to a life sentence. Id. § 841(b)(1)(A). The grand jury also indicted Mr. Kenefick for possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) & (3) and 924(a)(2). (Docket 29 at pp. 1-2). That charge alleges Mr. Kenefick possessed one or more firearms. Id. at p. 2.

Because Mr. Kenefick's is charged with a § 841(b)(1)(A) drug offense, detention is governed by 18 U.S.C. § 3142(e)(3). That section provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) [or] the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.)[.]

Id. § 3142(e)(3)(A). "In a presumption case . . . a defendant bears a limited burden of production–not a burden of persuasion–to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). "Once a defendant has met his burden of production relating to these two factors, the presumption

2

favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." Id.

If the presumption is rebutted, "[a] defendant may be detained before trial '[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance . . . .'" Id. (quoting United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003)).

> In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual.

Id. (citing 18 U.S.C. § 3142(g)).

**DETENTION PRESUMPTION**

The magistrate judge found probable cause to believe defendant committed a § 841(b)(1)A offense when she signed the criminal complaint. (Docket 1).   Probable cause at that point was based on the affidavit in support of the criminal complaint and arrest warrant.   (Docket 1-1).   A grand jury subsequently indicted Mr. Kenefick for the same offense.   (Docket 29 at p. 1).

Without restating the factual recitation of the affidavit and relying upon the complaint, the affidavit and the indictment, the court finds probable cause exists to believe the defendant committed the drug offense.   Based on this

3

finding, the court must "presume[] that no condition or combination of conditions will reasonably assure the appearance of [defendant] as required and the safety of the community[.]"   18 U.S.C. § 3142(e)(3).   The parties agree a presumption of detention standard applies to this case.   (Dockets 126 at p. 2 & 131 at pp. 4-5).

**PRESUMPTION REBUTTAL**

In determining whether Mr. Kenefick produced sufficient evidence to rebut the presumption of detention, the court looks to the Bail Reform Act factors. See United States v. Cantu, 935 F.2d 950, 951 (8th Cir. 1991) (affirming district court detention order using Bail Reform Act factors to evaluate whether defendant rebutted the detention presumption) (citing 18 U.S.C. § 3142(g)).

1. **Nature of the offense and danger to the community**

The magistrate judge determined that possessing a large quantity of methamphetamine, as well as other controlled drugs, posed a serious danger to the local community.   (Docket 130 at 8:10-17).   Based on the information in the affidavit accompanying the complaint, the magistrate judge found:

> [T]he allegations are that you're bringing in drugs, specifically the quantities. 10 pounds [or] kilograms of crystal meth, 28 grams of heroin, as well as marijuana and those tablets. That presents a danger to the community.  If you're bringing in drugs, presumably to distribute here, that's dangerous.

Id. at p. 8:12-17.   The court agrees with the magistrate judge's findings and concerns.

Coupled with this concern is the allegation Mr. Kenefick possessed between one and six firearms at the same time as the alleged drug offense.

4

(Docket 29 at pp. 1-2).   Firearms in the presence of controlled substances increase the risk of harm or death to others.

The alleged drug offense is a serious offense and poses a significant danger to the local community.   The nature of the offense and the danger posed to the local community weigh heavily against a finding that the detention presumption has been rebutted.

**2.    Weight of evidence**

At this preliminary stage of the case, the court finds the current evidence against defendant weighs in favor of detention.   The facts derived from the South Dakota Highway Patrol investigation demonstrate a substantial likelihood Mr. Kenefick was transporting a significant quantity of controlled substances as part of a conspiracy.   (Docket 1-1).

**3.    Characteristics of the defendant**

Defendant argues his personal characteristics rebut the presumption of detention.   Mr. Kenefick submits his "prior convictions, intent to distribute marijuana and possession of controlled substances, in 2014 and 2016, bear no relevance under the facts of this present case to any public safety considerations logically preventing [his] release."   (Docket 126 at p. 4).   He contends that with respect to his past offenses, he "has been compliant with the conditions of his pretrial release."   Id. at p. 5.

Mr. Kenefick does not acknowledge an earlier felony possession of a controlled substance conviction for which his probation was terminated in August 2001.   (Docket 125 at p. 5).   He also fails to recognize that his third

5

drug conviction in 2018, for his 2016 conduct, occurred on May 24, 2018.[2]  Id. at p. 6.   That conviction was only days before the conspiracy in the current indictment is alleged to have begun.   (Docket 29 at p. 1).   The affidavit in support of the complaint states:

> Since June 2018, members of [Unified Narcotics Enforcement Team] and the Bureau of Alcohol, Tobacco and Firearms . . . in Rapid City, South Dakota, have continued to receive information from multiple federal and state cooperating defendants regarding the distribution of crystal methamphetamine and marijuana in the South Dakota area by Douglas P. Kenefick.

(Docket 1-1 ¶ 5).   It was only eleven months later, on April 15, 2019, Mr. Kenefick traveled from Rapid City to southern California to meet his methamphetamine source.   Id. ¶ 8.   During that trip, Mr. Kenefick passed through the San Ysidro, California, port of entry into Mexico.   Id.   Five days later Mr. Kenefick was electronically tracked en route back to Rapid City.   Id.   Later that evening, Mr. Kenefick was stopped by the South Dakota Highway Patrol in South Dakota with the drugs referenced earlier in this order.   The next day, April 21, 2019, during the execution of a search warrant, law enforcement "located various quantities of marijuana, eight (8) firearms, multiple rounds of ammunition, suspected drug ledgers, and user/distributor-specific paraphernalia."   Id. ¶ 13.

Mr. Kenefick submits his release "plan provides for [him] to reside in Rapid City with his daughter and adult granddaughter, with all the standard

---

[2]The conduct which resulted in Mr. Kenefick's third felony drug conviction occurred while he was on supervised release for the second felony drug conviction.   (Docket 125 at p. 5).

6

conditions of pretrial release, plus any additional testing and or monitoring beyond what is typically required as the Court deems necessary." (Docket 126 at p. 3) (referencing Docket 126-1). The court disagrees. This is the same residence which was the subject of the search warrant in 2019. Compare Docket 1-1 ¶ 13 & Docket 126-1. Mr. Kenefick does not provide any information to distinguish who was living in the residence in 2019 compared to those who would be present under his proposed release plan. A showing of strong family ties cannot overcome the detention presumption where, as here, there is a possibility that family members were passively enabling the offenses.

## CONCLUSION

With three prior drug felony convictions and knowledge of the prohibition against possession of firearms, the information before the court confirms Mr. Kenefick has little, if any, regard for a law-abiding lifestyle. The court concludes defendant has not rebutted the presumption of detention as to the danger he poses to the community. The court finds there is no combination of conditions which would reasonably protect the safety of other people in the community. 18 U.S.C. § 3142(c)(1)(B).

## COVID-19 CONSIDERATIONS

Separate from the § 3142 factors, Mr. Kenefick asks for release because of the COVID-19 pandemic. (Docket 126 at pp. 5-8). He argues the pandemic is an exceptional reason for release under 18 U.S.C. § 3145(a). Id. at p. 5. In support of this argument, Mr. Kenefick submitted his medical records from the Pennington County Jail. (Docket 123 at pp. 7-42). The medical records

disclose that Mr. Kenefick is obese with a body mass index of 32.3 and has thyroid cancer.  Id. at p. 7.  The defendant does not identify any particular medical condition which would interfere with his ability to maintain self-care while incarcerated.

The court finds Mr. Kenefick has not presented "exceptional reasons why [his] . . . detention would not be appropriate."   18 U.S.C. § 3145(c).

## ORDER

For the reasons given above, it is

ORDERED that defendant's appeal (Docket 126) of the magistrate judge's detention order is denied.

IT IS FURTHER ORDERED that the magistrate judge's detention order (Docket 124) is affirmed.

Dated October 20, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE